# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT ALAN MADDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-16-798-R |
| | ) | |
| CALVIN MADDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff filed this action against Calvin Madden and Oklahoma Child Support Services on July 14, 2016 utilizing a form intended for Pro Se prisoner civil rights complaints. Therein he indicated that the instant case is both a 42 U.S.C. § 1983 claim and a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, which permits claims against federal officials for civil rights violations. Despite the indications on his form, Plaintiff's claims stem not from his incarceration, but rather he alleges an improper determination was made that he was the father of Curtis Madden and therefore he has improperly paid child support for fifteen years. He contends that his cousin, Defendant Calvin Madden, is Curtis' father, and seeks to recover the child support he paid over the past fifteen years from Calvin.[1] He further argues that Defendant "Oklahoma Child Support" has taken his tax refunds and garnished his wages and that when he asked for

---

[1] Use of the form is understandable given that Plaintiff is a pretrial detainee awaiting trial in the District Court of Cleveland County, Case No. CF-2016-280.

assistance in obtaining his money back he was told that Oklahoma Child Support could not help.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of

alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir.1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997).

Despite Plaintiff's contention that this action is premised on a violation of his civil rights, his claim against Calvin Madden must fail because Plaintiff does not allege that Calvin Madden took any actions under color of state law. It does not appear from Plaintiff's allegations that Mr. Madden was responsible for the determination that Plaintiff Robert Madden was required to pay child support for Curtis Madden. Furthermore, the factual allegations in the Complaint fail to state a claim against Child Support Services, because Plaintiff fails to allege sufficient facts from which the Court can conclude that his constitutional rights were violated. Furthermore, Child Support Services in Oklahoma is a division of the Department of Human Services. The Eleventh Amendment bars suit in federal court against a state or an agency of a state, absent a specific waiver of immunity by the State or express abrogation of the State's immunity by Congress. *Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir.2001). Here, the State of Oklahoma has not expressly

waived its Eleventh Amendment immunity to suit and the Supreme Court has held that in passing § 1983, Congress did not abrogate state sovereign immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Since Child Support Services is part of the Oklahoma Department of Human Services, a state agency, the Eleventh Amendment applies regardless of the relief sought. *See Higganbotham v. Oklahoma*, 328 F.3d 638, 644 (10th Cir.2003) ("The Eleventh Amendment expressly applies to suits seeking injunctive and declaratory relief."); s*ee also Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir.2007) ("Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages."). The claims brought against Child Support Services are hereby dismissed without prejudice.

The Court has conducted this screening pursuant to 28 U.S.C. 1915e(2) and 1915A and concludes that Plaintiff has failed to state a basis for this Court's jurisdiction over his claim against Defendant Calvin Madden. Furthermore, Defendant Child Support Services is immune from suit in this forum. Plaintiff's Compliant is hereby DISMISSED.

IT IS SO ORDERED this 28th day of October, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE